Juan Jasso RAMIREZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 12–71227.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 2, 2013.

Peter James Musser, Peter James Musser, A Professional Corporation, Vista, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Tracey Mcdonald, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, Oil, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Juan Jasso Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings and to reinstate his voluntary departure order. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder,* 646 F.3d 672, 674 (9th Cir.2011), and we deny the petition for review.

The BIA did not abuse its discretion in denying as untimely Jasso Ramirez's motion to reopen in order to reinstate voluntary departure, where the motion was filed after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of final order), and Jasso Ramirez failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679–80 (no diligence where petitioner "[a]pparently ... took no affirmative steps to investigate" whether prior counsel adequately prepared claim after having reason to suspect deficient performance).

In his opening brief, Jasso Ramirez failed to raise, and therefore waived, any challenge to the BIA's denial of his motion to reopen based on ineffective assistance of counsel with respect to the filing of an untimely petition for review. *See Rizk v. Holder,* 629 F.3d 1083, 1091 n. 3 (9th Cir.

2011) (a petitioner waives an issue by failing to raise it in the opening brief).

**PETITION FOR REVIEW DENIED.**

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).